Lorenzo Gasparetti (SBN 135976)
Email: lgasparetti@reedsmith.com
Karen A. Braje (SBN 193900)
Email: kbraje@reedsmith.com
Kristine H. Chen (SBN 239925)
Email: kchen@reedsmith.com
Christopher O. Rivas (SBN 238765)
Email: crivas@reedsmith.com
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendant
MortgageIT, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No.: 08-53439 RLE |
| JESUS GUTIERREZ GALINDO AND ALICIA GALINDO, | Adversary No.10-05112 |
| Debtors. | Chapter 13 |
| JESUS GUTIERREZ GALINDO AND ALICIA GALINDO, | **DEFENDANT MORTGAGEIT, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT IN ADVERSARY PROCEEDING** |
| Plaintiffs, | **Date:** July 29, 2010 <br> **Time:** 10:30 a.m. <br> **Place:** Courtroom 3099 |
| vs. | |
| MORTGAGEIT, INC., WASHINGTON MUTUAL BANK, J.P. MORGAN CHASE BANK, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., HILLTOP FINANCIAL MORTGAGE, INC., GLORIA GARDNER AND THANH NGUYEN, | Compl. Filed: May 11, 2010 <br> Trial Date: Not Yet Set <br><br> Honorable Roger L. Efremsky |
| Defendants. | Filed concurrently with: <br> Notice of Motion to Dismiss <br> Motion to Dismiss <br> Request for Judicial Notice |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case: 10-05112   Doc# 7   Filed: 06/11/10   Entered: 06/11/10 13:19:59   Page 1 of 23

**Table of Contents**

Page

I . INTRODUCTION .................................................................................................... 1

II . FACTUAL AND PROCEDURAL SUMMARY ........................................................ 1

    A.    Factual Background .......................................................................................... 1

    B.    Procedural History. .......................................................................................... 2

III . LEGAL ARGUMENT ............................................................................................. 3

    A.    Plaintiffs' Claims Were Already Dismissed By This Court. ........................... 3

            1.    Plaintiffs' Claims Are Barred By The *Res Judicata* Doctrine. ........................ 3

            2.    Plaintiffs' Claims Should Be Dismissed Because This Is A Duplicative Adversary Proceeding. .................................................................................. 4

    B.    In Any Event, Plaintiffs' Claims Are Deficient And Should Be Dismissed With Prejudice. ................................................................................................. 5

            1.    The Court Should Grant A Motion To Dismiss Where The Claims Alleged Are Legally Flawed Or Factually Unsupported. ................................ 5

            2.    Plaintiffs' Second Claim For Violation Of The Truth In Lending Act ("TILA") Fails. ............................................................................................. 6

                    a.    Plaintiffs' TILA Rescission Claim Is Time-Barred. .......................... 6

                    b.    Plaintiffs Do Not Allege A Proper Notice Of Rescission Or The Ability To Tender The Loan Proceeds. ............................................... 6

            3.    Plaintiffs' Third Claim For Fraud Fails. .......................................................... 8

                    a.    Plaintiffs' Fraud Claim Is Time-Barred. ............................................ 8

                    b.    Plaintiffs' Fraud Claim Is Lacking In Factual Support And Is Not Pled With Sufficient Particularity. ..................................................... 8

            4.    Plaintiffs' Fourth Claim For Rescission Under California Civil Code Section 1632 Fails As To MortgageIT. ........................................................ 10

                    a.    The Provisions Of Section 1632 Do Not Apply To The Loan. ......... 10

                    b.    Plaintiffs Cannot State A Claim For Rescission Under Section 1632. ................................................................................................. 12

                    c.    Plaintiff's Claim Under Section 1632 Is Time-Barred. .................... 13

            5.    Plaintiffs' Fifth Claim For Determination Of Extent And Validity Of Lien Fails Because Plaintiff's Own Allegations Indicate That MortgageIT Is Not The Current Holder Of The Loan. ........................................................ 13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT IN ADVERSARY PROCEEDING

Case: 10-05112   Doc# 7   Filed: 06/11/10   Entered: 06/11/10 13:19:59   Page 2 of 23

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

6.  Plaintiffs' Seventh Claim Under California Civil Code Section 3345 Fails Because There Is No Basis For Such A Claim As To MortgageIT. .............. 14

IV.   CONCLUSION ......................................................................................................... 16

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

## CASES

Andrade v. Wachovia Mortg., FSB,
    No. 09 CV 0377 JM (WMc), 2009 WL. 1111182 (S.D. Cal. Apr. 21, 2009) ........................6

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (2009)...................................................................................................5

Balistreri v. Pacific Police Dep't,
    901 F.2d 696 (9th Cir. 1988) .........................................................................................5

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)........................................................................................................5

Bond v. Fleet Bank (RI), N.A.,
    No. 01-1778 L, 2002 WL 373475 (D. R.I. Feb. 21, 2002) ..............................................3

Carlos v. Ocwen Loan Servicing, LLC, No.
    No. CV F 09-0260 LJO GSA, 2009 WL. 1295873 (E.D. Cal. May 8, 2009) ........................7

Carnero v. Weaver, No.
    No. C 09-1995 JF (RS), 2009 WL. 2180372 (N.D. Cal. Jul. 22, 2009) ................................7

Castaneda v. Saxon Mortg. Servs.,
    No. Civ. 2:09-01124 WBS DAD, 2009 WL. 4640673 (E.D. Cal. Dec. 3, 2009)....................1

Delino v. Platinum Community Bank,
    628 F. Supp. 2d 1226 (S.D. Cal. 2009)...................................................................1, 12

Federated Dept. Stores, Inc. v. Moitie,
    452 U.S. 394 (1981)........................................................................................................4

Garza v. American Home Mortg.,
    No. CV F 08-1477 LJO GSA, 2009 WL. 188604 (E.D. Cal. Jan. 26, 2009) ....................6, 7

Griffin v. Felton (In re Felton),
    197 B.R. 881 (N.D. Cal. 1996) .....................................................................................14

Guerrero v. Citi Residential Lending, Inc.,
    No. CV F 08-1878 LJO GSA, 2009 WL. 926973 (E.D. Cal. Apr. 3, 2009) ....................7, 8

Hafiz v. Greenpoint Mortg. Funding, Inc
    No. C 09-01729 WHA, 2009 WL 2137393 (N.D. Cal. Jul. 16, 2009) ................................12

Headwaters Inc. v. U.S. Forest Service,
    399 F.3d 1047 (9th Cir. 2005) .......................................................................................3

Ibarra v. Plaza Home Mortg.,
    No. 08-CV-01707-H (JMA), 2009 WL. 2901637 (S.D. Cal. Sept. 4, 2009)........................12

Ileto v. Glock Inc.,
    349 F.3d 1191 (9th Cir. 2003) .......................................................................................5

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Case: 10-05112   Doc# 7   Filed: 06/11/10   Entered: 06/11/10 13:19:59   Page 4 of 23

In re Ameriquest Mortgage Co.,
    No. 05-CV-7097, 2007 WL. 1832113 (N.D. Ill. June 25, 2007)...........................15

In re Buckles,
    189 B.R. 752 (Bankr. D. Minn. 1995) ......................................................15

In re Schimmels,
    127 F.3d 875 (9th Cir. 1997) ..............................................................3, 4

In re Thomas,
    102 B.R. 199 (E.D. Cal. 1989) ...............................................................13

King v. State of Cal.,
    784 F.2d 910 (9th Cir. 1986) ...............................................................15

Labes v. Ocwen Loan Servicing, LLC,
    No. CV F 09-1172, 2009 WL. 3748291 (E.D. Cal. Nov. 5, 2009)......................6

Ma Chuck Moon v. Dulles,
    237 F.2d 241 (9th Cir. 1956) ..................................................................3

Meyer v. Ameriquest Mortgage Co.,
    342 F.3d 899 (9th Cir. 2003) ................................................................15

Monaco v. Bear Stearns Residential Mortgage Corp.,
    554 F. Supp. 2d 1034 (C.D. Cal. 2008) .................................................15

Montana v. United States,
    440 U.S. 147 (1979)...............................................................................3

Moore v. Kayport Package Express, Inc.,
    885 F.2d 531 (9th Cir. 1989) ..................................................................9

Neubronner v. Milken,
    6 F.3d 666 (9th Cir. 1993) .....................................................................9

Yeager v. City of San Diego,
    No. 05CV2089-BEN (WMC), 2007 WL 7032933 (S.D. Cal. Jun. 1, 2007) ...........5

Pagtalunan v. Reunion Mortgage Inc.,
    No. C 09-00162 EDL, 2009 WL. 961995 (N.D. Cal. Apr. 8, 2009) ......................7

Pelayo v. Home Capital Funding,
    No. 08-CV-2030 IEG (POR), 2009 WL 1459419 (S.D. Cal. May 22, 2009) .............15

Ritchie v. Community Lending Corp.,
    No. CV 09-02484 DDP (JWJx), 2009 WL. 2581414 (C.D. Cal. Aug. 12, 2009) ........12

Robertson v. Dean Witter Reynolds, Inc.,
    749 F.2d 530 (9th Cir. 1984) ...................................................................5

Rodriguez v. Litton Loan Servicing,
    No. 2:09-cv-00029-MCE-DAD, 2009 WL. 1326339 (E.D. Cal. May 11, 2009).........12

Ross v. Pioneer Life Ins. Co.,
    545 F. Supp. 2d 1061 (C.D. Cal. 2008) ...................................................................14

Rowland v. Novus Fin. Corp.,
    949 F. Supp. 1447 (D. Haw. 1996) ........................................................................15

Sanchez v. Monumental Life Ins. Co.,
    102 F.3d 398 (9th Cir. 1996) ..................................................................................14

Semegen v. Weidner,
    780 F.2d 727 (9th Cir. 1981) ....................................................................................9

Smith v. Gold Country Lenders (In re Smith),
    289 F.3d 1155 (9th Cir. 2002) ................................................................................15

Stewart v. U.S. Bancorp,
    297 F.3d 953 (9th Cir. 2002) ....................................................................................4

Swartz v. KPMG LLP,
    476 F.3d 756 (9th Cir. 2007) ....................................................................................9

Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,
    322 F.3d 1064 (9th Cir.2003) ...................................................................................3

Tina v. Countrywide Home Loans, Inc.,
    No. 08 CV 1233 JM (NLS), 2008 WL. 4790906 (S.D. Cal. Oct. 30, 2008) .........11

Valdez v. America's Wholesale Lender,
    No. C 09-02778 JF (RS), 2009 WL. 5114305 (N.D. Cal. Dec. 18, 2009) ..............7

Vess v. Ciba-Geigy Corp. USA,
    317 F.3d 1097 (9th Cir. 2003) ..................................................................................9

W. Radio Servs. Co. v. Glickman,
    123 F.3d 1189 (9th Cir.1997) ...................................................................................3

Warren v. Fox Family Worldwide, Inc.,
    328 F.3d 1136 (9th Cir. 2003), *cert. denied*, 543 U.S. 1050 (2005).......................5

**STATUTES**

12 C.F.R. 226.2(13) ....................................................................................................6, 15

12 C.F.R. 226.23(a)(2) ....................................................................................................7

15 U.S.C. § 1601 .............................................................................................................6

15 U.S.C. § 1635(a)-(b) ..................................................................................................7

15 U.S.C. § 1635(f) .........................................................................................................6

15 U.S.C. § 1640(a) .......................................................................................................15

15 U.S.C. § 1640(e) .......................................................................................................15

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Cal. Bus. & Prof. Code § 10240(b) ........................................................................11

Cal. Civ. Code §340(a) .........................................................................................13

Cal. Civ. Code § 1632(b) ......................................................................................10

Cal. Civ. Code § 1632(b)(2) .................................................................................10

Cal. Civ. Code § 1632(b)(4) .................................................................................11

Cal. Civ. Code § 1632(b)(5) .................................................................................11

Cal. Civ. Code § 1632(k) .................................................................................12, 15

Cal. Civ. Code § 1691 ...........................................................................................12

Cal. Civ. Code § 1923 ...........................................................................................11

Cal. Civ. Proc. Code § 338(d) ................................................................................8

Cal. Fin. Code § 18003 ..........................................................................................11

Cal. Fin. Code §§ 18560-18563 ............................................................................11

Cal. Fin. Code § 22209 ..........................................................................................11

**RULES**

Fed. R. Bankr. P. 7009 .............................................................................................9

Fed. R. Bankr. P. 7041 .............................................................................................3

Fed. R. Civ. P. 9(b) ..................................................................................................9

Fed. R. Civ. P. 11(b) ................................................................................................6

Case No. 08-53439/Adversary No. 10-05112          - vi -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT IN ADVERSARY PROCEEDING

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This adversary proceeding arises from an <u>identical</u> Complaint filed by plaintiffs Jesus Gutierrez Galindo and Alicia Galindo ("Plaintiffs") in November 2009.  Following MortgageIT's motion, that previous Complaint was dismissed by this Court in March 2010.  Accordingly, the present adversary Complaint is not only barred by *res judicata*, it is a frivolous lawsuit and a waste of the Court and parties' time and resources.  Plaintiffs' Complaint should be dismissed with prejudice.

## II.     FACTUAL AND PROCEDURAL SUMMARY

### A.     Factual Background

Plaintiffs Jesus Gutierrez Galindo and Alicia Galindo ("Plaintiffs") own residential property located at 1449 Crucero Court, San Jose, California ("Property").  Compl., ¶ 19.  Prior to February 2007, Gloria Gardner ("Gardner"), an employee with Hilltop Financial Mortgage Inc. ("Hilltop Financial"), approached Plaintiffs about refinancing their mortgage loan secured by the Property. Compl., ¶ 19.  Plaintiffs allege that Gardner and others affiliated with Hilltop Financial made multiple misstatements to them during the course of the loan origination process.  Specifically, Plaintiffs claim that Gardner told them that she could obtain a mortgage loan for them that would have lower payments than their existing loan and that the payments would include taxes and insurance.  Compl., ¶ 21.  Plaintiffs also allege that Gardner told them that any prepayment penalty would be "reasonable" and later that any penalty would not exceed $10,000.  Compl., ¶ 22.  Finally, Plaintiffs allege that Gardner misrepresented the loan terms to them, failing to explain to them the fact that the loan had a negative amortization feature, variable interest rates and a balloon payment. Compl., ¶ 24.

On February 15, 2007, Plaintiffs refinanced their mortgage loan through a written agreement with MortgageIT, Inc. ("MortgageIT"), which was reflected in a Promissory Note in the amount of $504,000 secured by a Deed of Trust on the Property ("Loan").  Compl., ¶ 27.  In addition to the alleged misrepresentations listed above, Plaintiffs complain about other aspects of the loan origination process.  Plaintiffs complain that they were forced to make a prepayment penalty in the

Case: 10-05112    Doc# 7    Filed: 06/11/10    Entered: 06/11/10 13:19:59    Page 8 of 23

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

amount $16,016.47 to American Home Mortgage in connection with their existing loan, an amount 50% greater than Gardner had promised to them. Compl., ¶ 28. Plaintiffs also allege that they requested a copy of their loan documents in Spanish, but were not provided with translations. Compl., ¶ 25. And finally, Plaintiffs allege that the notary did not provide them with the required copies of a Notice of Right to Cancel at closing. Compl., ¶ 26.

Plaintiffs go on to allege that, at some point after originating their loan, MortgageIT transferred the loan to Washington Mutual Bank ("WAMU"). Compl., ¶ 30. WAMU then transferred the loan to J.P. Morgan Chase ("J.P. Morgan"). Compl., ¶ 30.

Plaintiffs allege that they gave notice through their attorneys of their election to rescind their mortgage loan transaction based upon alleged violations of the Truth in Lending Act ("TILA") on both October 30, 2007, and January 14, 2008. Compl., ¶ 32. Thereafter, on June 30, 2008, Plaintiffs filed their Chapter 13 voluntary bankruptcy petition with this Court. Compl., ¶ 31. WAMU thereafter filed a proof of claim in the bankruptcy proceedings for the mortgage debt in the amount of $539,080.00. Compl., ¶ 33.

Plaintiffs allege that on July 15, 2008, they mailed a Qualified Written Request ("QWR") to WAMU. Compl., ¶ 35. However, Plaintiffs allege that WAMU did not respond to this request. Compl., ¶ 36.

**B.    Procedural History.**

On or about November 23, 2009, Plaintiffs filed their first adversary Complaint against MortgageIT alleging claims for violation of the Truth in Lending Act ("TILA"), fraud, violation of California Civil Code Section 1632, determination of extent and validity of lien, and elder abuse under California Civil Code Section 3345 ("First Adversary Proceeding"). Request for Judicial Notice filed concurrently herewith ("RJN"), Exhibit A (Plaintiffs' Complaint in First Adversary Proceeding). On February 1, 2010, MortgageIT filed a motion to dismiss Plaintiffs' claims in the First Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012(b). Plaintiffs failed to oppose MortgageIT's motions and in March 2010, Plaintiffs' claims were dismissed. *See* RJN, Exhibit B, p. 2:11-15 ("[P]ursuant to Local Rule 9013-2(a), applicable herein by Local Rule 7007-1(f), the Court exercises its discretion to determine

the motions without oral argument, and based on plaintiffs' failure to oppose the motion to dismiss, hereby grants the motion to dismiss as to the MortgageIT"). On March 23, 2010, the Court entered its order granting MortgageIT's motion to dismiss. *See* RJN, Exhibit C, p. 2:5 ("MortgageIT's Inc.'s Motion to Dismiss Plaintiffs' Complaint is GRANTED). Thereafter, on or about May 11, 2010, Plaintiffs filed the present adversary proceeding, alleging <u>identical</u> claims as to MortgageIT. *See* Document No. 1.

### III.    LEGAL ARGUMENT

**A.    Plaintiffs' Claims Were Already Dismissed By This Court.**

    **1.    Plaintiffs' Claims Are Barred By The *Res Judicata* Doctrine.**

"The doctrine of *res judicata* provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action…." *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 (9th Cir. 2005) (citing *In re Schimmels,* 127 F.3d 875, 881 (9th Cir. 1997)). "The elements necessary to establish *res judicata* are: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Headwaters*, 399 F.3d at 1052 (citing *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1077 (9th Cir.2003); *W. Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir.1997)). "[A] rule precluding parties from the contestation of matters already fully and fairly litigated 'conserves judicial resources' and 'fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Schimmels,* 127 F.3d at 881 (quoting *Montana v. United States*, 440 U.S. 147, 153-54 (1979)).

Pursuant to Federal Rule of Civil Procedure 41(b), "[u]nless the dismissal order states otherwise … any dismissal not under this rule --- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an <u>adjudication on the merits</u>." (emphasis added); *see* Fed. R. Bankr. Proc. 7041 (providing that that Federal Rule of Civil Procedure 41 applies in adversary proceedings); *e.g.*, *Ma Chuck Moon v. Dulles*, 237 F.2d 241, 242 (9th Cir. 1956) (stating that "[s]ince the Court in its order of dismissal did not specify otherwise, the judgment operated as an adjudication on the merits"). For instance, a ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a "'judgment on the merits' to which res judicata

Case: 10-05112    Doc# 7    Filed: 06/11/10    Entered: 06/11/10 13:19:59    Page 10 of 23

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

applies." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (citing *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399, note 3 (1981)). Additionally, "[a]n involuntary dismissal generally acts as a judgment on the merits for the purposes of *res judicata,* regardless of whether the dismissal results from procedural error or from the court's considered examination of the plaintiff's substantive claims." *Schimmels,* 127 F.3d at 884-85, 879 (affirming *res judicata* bar in adversary proceeding, based on Court's ruling previous ruling that granted motion for summary judgment "without reaching the merits of the relators' complaint, [but granting the motion because] the relators had failed to file a timely opposition thereto") (citations omitted).

Here, the doctrine of *res judicata* bars the Plaintiffs from bringing the present claims. In November 2009, Plaintiffs filed the First Adversary Proceeding alleging <u>identical</u> facts and causes of action against MortgageIT. *See* RJN, Exhibit A compare Document No. 1 On February 1, 2010, MortgageIT filed a motion to dismiss Plaintiffs' claims in the First Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012(b). In March 2010, after Plaintiffs failed to oppose MortgageIT's motion, the motion was granted and Plaintiffs' claims were dismissed. *See* RJN, Exhibits B and C. Specifically, the Court ruled that "pursuant to Local Rule 9013-2(a), applicable herein by Local Rule 7007-1(f), the Court exercises its discretion to determine the motions without oral argument, and based on plaintiffs' failure to oppose the motion to dismiss, hereby grants the motion to dismiss as to the MortgageIT." RJN, Exhibit B, p. 2:11-15. On March 23, 2010, the Court entered its order granting MortgageIT's motion to dismiss. *See* RJN, Exhibit C, p. 2:5 (ordering that "MortgageIT's Inc.'s Motion to Dismiss Plaintiffs' Complaint is GRANTED"). Accordingly, because the Court already dismissed Plaintiffs' First Adversary Proceeding as to MortgageIT, the present adversary Complaint is barred by the doctrine of *res judicata*.

### 2. **Plaintiffs' Claims Should Be Dismissed Because This Is A Duplicative Adversary Proceeding.**

Even if Plaintiffs' Complaint is not found to be barred by *res judicata* (which it is for the reasons explained), the instant adversary proceeding is nevertheless a duplicative action. Plaintiffs do not file any amended Complaint, but rather burden the Court with the <u>identical</u> Complaint that

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

was already dismissed in the First Adversary Proceeding. Indeed, Plaintiffs' filing of this separate adversary proceeding is an apparent end-run around the Court's prior order dismissing their claims. Accordingly, this adversary proceeding is a frivolous waste of the Court and parties' time and resources, and should be dismissed with prejudice.

**B.    In Any Event, Plaintiffs' Claims Are Deficient And Should Be Dismissed With Prejudice.**

**1.    The Court Should Grant A Motion To Dismiss Where The Claims Alleged Are Legally Flawed Or Factually Unsupported.**

Even were it not for the fact that the present Complaint is barred, the Court should dismiss Plaintiffs' claims with prejudice because they are deficient under Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012). Dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacific Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984).

For the purposes of a 12(b)(6) motion, the allegations of fact in the complaint are accepted as true and construed in the light most favorable to the plaintiff. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003), *cert. denied*, 543 U.S. 1050 (2005). However, in ruling on a Rule 12(b)(6) motion, the court need not accept as true conclusory allegations or legal characterizations cast in the form of factual allegations. *Id.*; *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). Nor must the court "swallow the plaintiff's invective hook, line, and sinker." *Yeager v. City of San Diego*, No. 05CV2089-BEN (WMC), 2007 WL 7032933, *3 (S.D. Cal. Jun. 1, 2007). Rather, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Id.*

Recently, the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), confirmed the requirement that pleadings must contain more than labels and unsupported conclusions. Noting that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" the Court emphasized that conclusory allegations are not entitled to be assumed true. *Id.* at 1949-1952 (quoting *Bell Atlantic Corp. v.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case: 10-05112   Doc# 7   Filed: 06/11/10   Entered: 06/11/10 13:19:59   Page 12 of 23

*Twombly*, 550 U.S. 544, 570 (2007)). And, in meeting its obligation to plead sufficient factual matter, a plaintiff remains subject to his Rule 11 obligation to do so in good faith. *See generally, Garza v. American Home Mortg.*, No. CV F 08-1477 LJO GSA, 2009 WL 188604, *5 (E.D. Cal. Jan. 26, 2009) (admonishing plaintiff that any amended complaint must be pled "subject to F. R. Civ. P. 11(b) requirements that [plaintiff] has the ability to tender and pay back what she received").

### 2. **Plaintiffs' Second Claim For Violation Of The Truth In Lending Act ("TILA") Fails.**

#### a. **Plaintiffs' TILA Rescission Claim Is Time-Barred.**

The right to rescission under TILA expires within three years. 15 U.S.C. § 1635(f) (stating that "[a]n obligor's right of rescission shall expire <u>three years</u> after the date of consummation of the transaction or upon the sale of the property, whichever occurs first"); *see* 12 C.F.R. 226.2(13) (stating that transaction is consummated at the moment "a consumer becomes contractually obligated on a credit transaction"); *e.g.*, *Andrade v. Wachovia Mortg., FSB*, No. 09 CV 0377 JM (WMc), 2009 WL 1111182, *6 (S.D. Cal. Apr. 21, 2009) (dismissing plaintiff's TILA claim for rescission as time-barred because it had been over three years since plaintiff entered into the subject loan).

Here, Plaintiffs allege that they entered into the Loan in February 2007. Compl., ¶ 27. However, Plaintiffs did not file the present Complaint until May 2010, <u>or more than three years later</u>. Plaintiffs' TILA claim for resicssion is clearly time-barred and must be dismissed with prejudice.

#### b. **Plaintiffs Do Not Allege A Proper Notice Of Rescission Or The Ability To Tender The Loan Proceeds.**

Moreover, Plaintiffs' claim for rescission under TILA fails because Plaintiffs do not plead the requisite factual basis for such a claim. *See* 15 United States Code Section 1601, *et seq.*; *e.g.*, *Labes v. Ocwen Loan Servicing, LLC*, No. CV F 09-1172, 2009 WL 3748291, *1 (E.D. Cal. Nov. 5, 2009) (stating that Regulation Z is implementing regulation for TILA). In order to obtain rescission under TILA, a plaintiff must notify the lender of his or her intention to rescind, and provide the lender an opportunity to respond to that demand. In particular, TILA states that:

The obligor shall have the right to rescind the transaction until

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section ... whichever is later, by notifying the creditor, in accordance with the regulations by the board, of his intention to do so....Within 20 days after receipt of a notice of rescission, the creditor shall return to obligor any money or down payment or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

15 U.S.C. §§ 1635(a)-(b); 12 C.F.R. 226.23(a)(2) (providing that in order "[t]o exercise the right to rescind [under TILA], the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication").  As part of the notice, plaintiff must allege his or her ability to tender, or return, the proceeds of the loan.  *See Valdez v. America's Wholesale Lender*, No. C 09-02778 JF (RS), 2009 WL 5114305, *5 (N.D. Cal. Dec. 18, 2009) (dismissing plaintiffs' claim for rescission under TILA because they had not alleged that they were willing and able to repay the principal of their loan); *Carnero v. Weaver*, No. C 09-1995 JF (RS), 2009 WL 2180372, *2 (N.D. Cal. Jul. 22, 2009) (same); *Carlos v. Ocwen Loan Servicing, LLC,* No. CV F 09-0260 LJO GSA, 2009 WL 1295873, *4 (E.D. Cal. May 8, 2009) (same); *Pagtalunan v. Reunion Mortgage Inc.*, C 09-00162 EDL, 2009 WL 961995, at *3 (N.D. Cal. Apr. 8, 2009) (same); *Guerrero v. Citi Residential Lending, Inc.*, No. CV F 08-1878 LJO GSA, 2009 WL 926973, *6-8 (E.D. Cal. Apr. 3, 2009) (same); *Garza v. American Home Mortg.*, No. CV F 08-1477 LJO GSA, 2009 WL 188604, *4 (E.D. Cal. Jan. 26, 2009) (same).

In rejecting plaintiff's TILA rescission claim at the pleading stage because the plaintiff failed to affirmatively allege his ability and willingness to tender or return the loan proceeds as part of the process, the *Guerrero* court acknowledged a line of Ninth Circuit authority standing for the proposition that courts should reject rescission claims where the plaintiff cannot tender.  2009 WL 926973, at *7 (citing several Ninth and Fourth Circuit decisions for the proposition that a borrower should not be permitted to rescind his or her mortgage loan absent evidence of his ability to tender the proceeds).  In reaching its conclusion, the court noted that despite the step-by-step rescission procedure set forth in the statute, it was unwilling to permit plaintiff to proceed unless he could tender because, '[c]learly it was not the intent of Congress to reduce the mortgage company to an

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT IN ADVERSARY PROCEEDING

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

unsecured creditor or to simply permit the debtor to indefinitely extend the loan without interest." *Id.* at * 8. Moreover, the *Guerrero* court questioned whether the plaintiff could meet this pleading requirement where he had already acknowledged in his pleading that he was in default under his mortgage loan. *Id.*

Here, Plaintiffs do not allege that they have properly complied with the notice requirement. *See* Compl., ¶ 32 ("On October 30, 2007, and again on January 14, 2008 the Galindos gave notice, <u>through their attorney</u>, of their election to rescind the transaction by reason of violations of federal Truth in lending statutes") (emph. added). Specifically, Plaintiffs do not allege that they gave <u>MortgageIT</u> any notice of their claim for rescission.

Additionally, Plaintiffs do not allege that they are able to tender or return the loan proceeds. Compl., ¶ 53 ("Plaintiffs are informed and believe that they <u>will be</u> capable of tendering to Defendant the proceeds received by them in the rescinded transaction, whether in a lump sum, payments over time, refinance, sale of the property, or the surrender of the property itself) (emph. added). Indeed, they filed for a voluntary Chapter 13 bankruptcy petition based on their failure to meet their mortgage payments.

As such, Plaintiffs' Complaint does not set forth facts sufficient to state a claim for rescission under TILA. The Court should therefore dismiss Plaintiffs' TILA claim for rescission with prejudice.

### 3. Plaintiffs' Third Claim For Fraud Fails.

#### a. Plaintiffs' Fraud Claim Is Time-Barred.

Fraud claims are subject to a three-year statute of limitation. Cal. Civ. Pro. Code § 338(d). Here, Plaintiffs allege that they entered into the Loan in February 2007. Compl., ¶ 27. However, Plaintiffs did not file the present Complaint until May 2010, <u>or more than three years later</u>. Plaintiffs' fraud claim is therefore time-barred and must be dismissed with prejudice.

#### b. Plaintiffs' Fraud Claim Is Lacking In Factual Support And Is Not Pled With Sufficient Particularity.

Fraud claims in an adversary proceeding must meet the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure, which requires allegations of "particular facts going to

the circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading." Fed. Bankr. R. 7009 (stating that Fed. R. Civ. P. 9(b) applies in adversary proceedings). Rule 9(b) requires particular averments regarding <u>each</u> defendant's participation in the allegedly fraudulent scheme. *See, e.g, Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1981) (affirming dismissal of fraud claim because "[p]laintiffs have done nothing more than set forth conclusory allegations of fraud…."). Where a plaintiff alleges that several defendants participated in a fraudulent scheme, Rule 9(b) requires plaintiff to "differentiate their allegations" and "inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007). At a minimum, a plaintiff must "identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Id.* at 765 (citing *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

Rule 9(b) applies to statutory claims based on misrepresentations even if the statute eliminates some traditional elements of fraud, such as reliance. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (stating that Rule 9(b)'s particularity requirement applies to any averments of fraud even in claims for which fraud is not an essential element). Where a plaintiff alleges a uniform course of fraudulent conduct and relies on that conduct as the basis of a claim, the claim "sounds in fraud" and the plaintiff must plead the whole claim with particularity. *Id.* at 1104. Further, a plaintiff who makes allegations upon information and belief must state a factual basis for his belief, even when the allegations concern matters said to be peculiarly within defendant's knowledge. *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

Plaintiffs' fraud claim is woefully deficient as to <u>MortgageIT</u> when compared against this stringent standard. <u>First</u>, Plaintiffs do not allege that MortgageIT made any specific, factual misrepresentations. In fact, the only reference to MortgageIT is the allegation that MortgageIT somehow "knew [the misrepresentations] were false when made." Compl., ¶ 58. However, this allegation does not involve any alleged communication between MortgageIT and the Plaintiffs, let alone an alleged misrepresentation.

<u>Second</u>, to the extent the Court looks at the factual allegations throughout the Complaint, it is

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

clear that the only alleged misrepresentations made to Plaintiffs involve statements made by defendants <u>other than MortgageIT</u>. *E.g.*, Compl., ¶ 19 ("Prior to February, 2007, the debtors were solicited by phone by <u>Gloria Gardner</u> to refinance their home.... All conversations with <u>Gardner</u> were in Spanish"); Compl., ¶ 21 ("<u>Gardner</u> represented to the Galindos that the loan she proposed for them would have lower payments than their present loan...."); Compl., ¶ 23 ("<u>Gardner</u> completed a loan application form in English.... [t]hat application falsely stated that Mr. Galindo operated a bookkeeping service...."); Compl., ¶ 24 ("<u>Gardner</u> misrepresented the terms of the new loan...."); Compl., ¶ 28 ("The prepayment penalty to American Home Mortgage on the existing mortgage was … greater than <u>Garnder's</u> representations") (emphs. added). As noted, Plaintiffs do not make any allegations that they communicated with anyone at MortgageIT or that MortgageIT made any misstatements to them.

Plaintiffs cannot rely on such generalized allegations against other defendants to support a viable claim for fraud against MortgageIT. For all of these reasons, Plaintiffs' fraud claim falls well short of the pleading requirements set forth in Rule 9(b) and the Court should dismiss Plaintiffs' claim as to MortgageIT with prejudice.

**4.      Plaintiffs' Fourth Claim For Rescission Under California Civil Code Section 1632 Fails As To MortgageIT.**

**a.      The Provisions Of Section 1632 Do Not Apply To The Loan.**

California Civil Code Section 1632 provides in pertinent part that,

> Any person engaged in a trade or business who <u>negotiates primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean, orally or in writing</u>, in the course of entering into any of the following, shall deliver to the other party to the contract or agreement and prior to the execution thereof, a translation of the contract of agreement <u>in the language in which the contract or agreement was negotiated</u> ....

Cal. Civ. Code § 1632(b) (emph. added). On its face, California Civil Code Section 1632 does not apply to home mortgage loans. *See* Cal. Civ. Code § 1632(b)(2) (stating that statute applies to a "loan or extension of credit secured <u>other than by real property</u> ....") (emph. added). The statute provides a handful of exceptions, however, when the statute will apply to home loans. These exceptions include reverse mortgages and loans "for use primarily for personal, family or household

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

purposes" that are subject to the provisions of California Business and Professions Code Section 10240, the Industrial Loan Law (codified at California Financial Code Section 18000, *et seq.*) or the California Finance Lenders Law (codified at California Civil Code Section 22000, *et seq.*) *See* Cal. Civ. Code § 1632(b)(4) and (5). The Court must dismiss any claim for violation of California Civil Code Section 1632 if the transaction at issue is not governed by the statute. *See Tina v. Countrywide Home Loans, Inc.*, No. 08 CV 1233 JM (NLS), 2008 WL 4790906, \*7 (S.D. Cal. Oct. 30, 2008) (dismissing plaintiffs' claim under Section 1632 because it is not covered by the statute's provisions).

Here, the subject loan on its face is not covered by Section 1632 because it is a mortgage loan secured by an interest in real property. *See* Compl., ¶¶ 19, 27. Further, none of the statutory exceptions apply to the Loan.

First, the Loan is not a reverse mortgage. *See* Cal. Civ. Code § 1923 (listing requirements for reverse money mortgage, including no payment of principal or interest until full loan amount is due); c.f. Compl., ¶ 27, Exh. A, ¶ F (providing that Plaintiffs are to make regular payments until debt is fully satisfied). Neither do Plaintiffs allege that the Loan falls under any of the other exceptions in California Civil Code Section 1632(b)(4). MortgageIT is not alleged to be governed by the Industrial Loan Law. *See* Cal. Fin. Code § 18003 (stating that statutory scheme applies to premium financing companies); Cal. Fin. Code §§ 18560-18563 (defining premium financing companies as those that engage in lending to insurers). Nor is MortgageIT alleged to be a lender governed by the California Finance Lenders Law. *See* Cal. Fin. Code § 22209 (defining finance lender as one who engage in consumer or commercial loans for <u>personal property</u>) (emph. added).

Second, Plaintiffs' claim also fails because there are no facts to implicate California Business and Professions Code Section 10240. Specifically, that statute governs the conduct of real estate brokers, and defines a "real estate broker" as one who "solicits borrowers, or causes borrowers to be solicited, through express or implied representations that the broker will act as an agent in arranging a loan, but in fact makes the loan to the borrower from funds belonging to the broker." Cal. Bus. & Prof. Code § 10240(b). However, Plaintiffs do not allege that MortgageIT is a real estate broker. *See* Comp., ¶¶ 27, 63 (alleging that MortgageIT is lender). Rather, Plaintiffs assert that Hilltop

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Financial Mortgage, and specifically its employee Gloria Gardner, was their mortgage broker for the Loan. Compl., ¶¶ 9, 19, 21, 23, 24. Therefore, this provision does not apply to MortgageIT. *See Delino v. Platinum Community Bank*, 628 F. Supp. 2d 1226, 1234 (S.D. Cal. 2009) (dismissing Section 1632 claim because plaintiff does not allege defendants were "a real estate broker and thus subject to the requirement to provide a translation"); *Ibarra v. Plaza Home Mortg.*, No. 08-CV-01707-H (JMA), 2009 WL 2901637, *5 (S.D. Cal. Sept. 4, 2009) (same).[1]

### b. Plaintiffs Cannot State A Claim For Rescission Under Section 1632.

Section 1632 provides that "[u]pon a failure to comply with the provisions of this section, the person aggrieved <u>may rescind the contract or agreement</u> …." Cal. Civ. Code § 1632(k) (emph. added). However, in order to obtain rescission under the statute, Plaintiffs must tender, or offer to tender, the proceeds from the subject loan. Cal. Civ. Code § 1691 (providing that in order to rescind, the borrower must give notice of rescission and restore everything of value received under the contract); *e.g.*, *Delino*, 628 F. Supp. 2d at 1234 (dismissing plaintiff's Section 1632 claim on separate grounds, and noting also that plaintiff "has not alleged that she has or can tender funds sufficient to effectuate a rescission of the loan, as required by § 1632(k)"); *Ritchie v. Community Lending Corp.*, No. CV 09-02484 DDP (JWJx), 2009 WL 2581414, *3 (C.D. Cal. Aug. 12, 2009) (dismissing plaintiff's Section 1632 claim because "Plaintiff has not alleged that she offered to restore everything of value received under the Subject Loan, and likewise has not made allegations that would allow the Court to infer that she had the means to do so"); *Rodriguez v. Litton Loan Servicing*, No. 2:09-cv-00029-MCE-DAD, 2009 WL 1326339, *3 (E.D. Cal. May 11, 2009) (refusing to permit plaintiff to seek rescission because "Plaintiff failed to allege he is ready or able to tender the loan proceeds to Defendants, a failure that is fatal to his instant claim."); *Hafiz v. Greenpoint Mortg. Funding, Inc.,* No. C 09-01729 WHA, 2009 WL 2137393, *7-8 (N.D. Cal. Jul. 16, 2009) (stating that "[i]n accordance with California law, an order of rescission would require

---

[1] Plaintiffs' conclusory allegations of agency are insufficient to bring MortgageIT under this exception. Compl., ¶ 63 (alleging that "Hilltop was acting as MortgageIt's agent"); *e.g.*, *Ibarra v. Plaza Home Mortg.*, No. 08-CV-01707-H (JMA), 2009 WL 2901637, *5 (S.D. Cal. Sept. 4, 2009) (noting that "Plaintiff's legally conclusory allegation that each Defendant is responsible for the acts of other Defendants based on the doctrine of respondeat superior is insufficient to state a claim against FDIC-Receiver for a violation of § 1632").

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

[plaintiff] to tender the property that she received pursuant to the lease agreement" but she has failed to do so).

Here, Plaintiffs do not allege that they have tendered the proceeds required for rescission, or have the ability to do so. *See* Compl., ¶¶ 53, 54 (alleging that "Plaintiffs are informed and believe that they <u>will be</u> capable of tendering to Defendant the proceeds received by them…. whether in a lump sum, payments over time, refinance, sale of the property, or the surrender of the property itself"). Indeed, Plaintiffs filed for voluntary bankruptcy based upon their inability to meet the payment obligations under the Loan.

### c. Plaintiff's Claim Under Section 1632 Is Time-Barred.

In any case, Plaintiffs' claim is barred by the applicable one-year statute of limitation. Cal. Civ. Code §340(a) (providing that one-year statute of limitation applies to any claim based in "statute for a penalty or forfeiture"); *see Delino*, 628 F. Supp. 2d at 1234 (dismissing claim on other grounds but noting that plaintiffs' claim may be time-barred California Civil Code Section 340(a)); *Castaneda v. Saxon Mortg. Servs.*, No. Civ. 2:09-01124 WBS DAD, 2009 WL 4640673, *7 (E.D. Cal. Dec. 3, 2009) (same). Here, Plaintiffs allege that they entered into the Loan on February 15, 2007 (Compl., ¶ 27), however, did not file this Complaint until May 2010.

For all of these reasons, Plaintiffs' fourth cause of action for rescission under California Civil Code Section 1632 fails and the Court must dismiss it with prejudice.

### 5. Plaintiffs' Fifth Claim For Determination Of Extent And Validity Of Lien Fails Because Plaintiff's Own Allegations Indicate That MortgageIT Is Not The Current Holder Of The Loan.

Plaintiffs ask the Court to determine "whether the lien of MortgageIt and MERS" is a valid encumbrance on the property." Compl., ¶ 68. However, Plaintiffs acknowledge in their Complaint that the "rights in the Loan have been transferred to Washington Mutual Bank. Washington Mutual has in turn been closed and its assets sold to J.P. Morgan Chase." Compl., ¶ 30. Indeed, there is no allegation that MortgageIT is asserting any current interest in the Loan. *See* Compl., ¶ 33 ("<u>WaMu</u> filed a proof of claim in these proceedings for the mortgage arrears in the amount of $539,080) (emph. added). Accordingly, there is no basis for this relief from MortgageIT. *See In re Thomas*,

102 B.R. 199, 201 (E.D. Cal. 1989) ("The California courts have long recognized the maxim that a lien cannot survive … absent the existence of an enforceable underlying obligation").

Additionally, to the extent Plaintiffs' claim is based on their other claims, it fails for the reasons set forth herein. *See*, *e.g.*, Section III.B.3, *supra*.

Accordingly, Plaintiffs' claim for a determination of the extent and validity of the lien lacks basis as to MortgageIT and must be dismissed with prejudice.

### 6. Plaintiffs' Seventh Claim Under California Civil Code Section 3345 Fails Because There Is No Basis For Such A Claim As To MortgageIT.

Plaintiffs seek treble damages pursuant to California Civil Code Section 3345 in conjunction with their Truth in Lending Act claim. *See* Compl., ¶¶ 75, 78. This Civil Code provision "provides for trebling punitive damages for unfair or deceptive practices against senior citizens or disabled persons." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996). Specifically, Section 3345(b) states:

> Whenever a trier of fact is authorized by a statute to impose either a fine, or a civil penalty or other penalty, or any other remedy the purpose or effect of which is to punish or deter, and the amount of the fine, penalty, or other remedy is subject to the trier of fact's discretion, the trier of fact shall consider all of the following factors, in addition to other appropriate factors, in determining the amount of fine, civil penalty or other penalty, or other remedy to impose. Whenever the trier of fact makes an affirmative finding in regard to one or more of the following factors, it may impose a fine, civil penalty or other penalty, or other remedy in an amount up to three times greater than authorized by the statute, or, where the statute does not authorize a specific amount, up to three times greater than the amount the trier of fact would impose in the absence of that affirmative finding …

(emph. added). Significantly, the Ninth Circuit has held that "on its face, [Section 3345] allows for the trebling, in certain cases involving senior citizens and disabled individuals, of fines or penalties which are <u>otherwise 'authorized by a statute.'</u>" (emph. added). *Sanchez*, 102 F.3d at 405; *see Griffin v. Felton (In re Felton)*, 197 B.R. 881, 892 (N.D. Cal. 1996) (stating as to Section 3345, that "once a determination has been made that punitive damages should be awarded, <u>the statute acts only as a discretionary multiplier</u>") (emph. added); *Ross v. Pioneer Life Ins. Co.*, 545 F. Supp. 2d 1061, 1066 (C.D. Cal. 2008) (stating that "California Civil Code § 3345 permits the trebling of punitive damages

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

in appropriate cases") (emph. omitted). Because this claim is simply a form of relief, and not an independent cause of action, it should be dismissed with prejudice.

In any event, Plaintiffs fail to allege a basis to treble punitive damages pursuant to Section 3455. _First_, Plaintiffs do not seek damages, let alone punitive damages, in connection with their TILA claim. _See_ Compl., ¶¶ 42-56.

_Second_, punitive damages are not available under TILA. Damage remedies under TILA are limited in scope to actual and statutory damages. _See_ 15 U.S.C. § 1640(a) (providing for actual and statutory damages under TILA); _In re Buckles_, 189 B.R. 752, 765 (Bankr. D. Minn. 1995) (describing the statutory damages available under TILA as a "punitive" remedy assessed in an amount equal to multiples of the charged finance charge). In keeping with this structure of the statute, punitive damages are not available under TILA. _See Pelayo v. Home Capital Funding_, Case No. 08-CV-2030 IEG (POR), 2009 WL 1459419, * 9 (S.D. Cal. May 22, 2009) (granting defendant's motion to strike punitive damages allegations because "Plaintiff may not recover punitive damages under her RESPA or TILA claims"); _In re Ameriquest Mortgage Co._, No. 05-CV-7097, 2007 WL 1832113, *2 (N.D. Ill. June 25, 2007) (stating that "TILA does not provide for recovery of punitive damages"); _Bond v. Fleet Bank (RI), N.A._, No. 01-1778 L, 2002 WL 373475, *3 (D. R.I. Feb. 21, 2002) (same).[2]

Accordingly, Plaintiffs have no basis for a claim under Section 3345 as to MortgageIT and it must be dismissed with prejudice.[3]

---

[2] Additionally, any claim for damages under TILA is time-barred. In order to maintain an action for actual or statutory damages under TILA, a plaintiff must bring his action "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); _see Smith v. Gold Country Lenders (In re Smith)_, 289 F.3d 1155, 1157 (9th Cir. 2002) (defining actual damages under TILA as those which "compensate for a proven injury or loss") (emph. and citation omitted)). The "occurrence" of the violation, for purposes of applying this statute of limitation, is measured from the "'date of consumption' of the transaction, which is generally the date on which the money is loaned to the debtor." _Rowland v. Novus Fin. Corp._, 949 F. Supp. 1447, 1454 (D. Haw. 1996) (citing _King v. State of Cal._, 784 F.2d 910, 913 (9th Cir. 1986)); _see_ 12 C.F.R. 226.2(13) (stating that transaction is consummated at the moment "a consumer becomes contractually obligated on a credit transaction"); _Meyer v. Ameriquest Mortgage Co._, 342 F.3d 899, 902 (9th Cir. 2003) (affirming summary judgment in favor of defendant because plaintiffs did not bring TILA claim for damages until more than one year after loan closing documents were signed); _Monaco v. Bear Stearns Residential Mortgage Corp._, 554 F.Supp.2d 1034 (C.D. Cal. 2008) (dismissing plaintiff's TILA claim for damages because it was brought more than one year after "consummation" of the loan).

[3] California Civil Code Section 1632, the only other statutory violation alleged against MortgageIT, cannot

Continued on following page

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case: 10-05112   Doc# 7   Filed: 06/11/10   Entered: 06/11/10 13:19:59   Page 22 of 23

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT IN ADVERSARY PROCEEDING

## IV    CONCLUSION

Plaintiffs appear to have filed this duplicative adversary proceeding to avoid the fact that their claims were already dismissed by the Court in a previous action.  However, Plaintiffs' claims cannot proceed because they are barred by the *res judicata* doctrine.

In any event, Plaintiffs' claims are deficient for the same reasons they were the last time around.  Now, over three years after obtaining the loan from MortgageIT, Plaintiffs claim that they were not provided proper disclosures.  However, Plaintiffs fail to allege any specific facts to show that MortgageIT acted improperly in connection with this loan transaction.

Accordingly, MortgageIT respectfully requests that the Court dismiss Plaintiffs' claims in their entirety with prejudice as to MortgageIT.

DATED:  June 11, 2010.                    REED SMITH LLP


By    /s/ Christopher O. Rivas
     Lorenzo Gasparetti (SBN 135976)
     Karen A. Braje (SBN 193900)
     Kristine H. Chen (SBN 239925)
     Christopher O. Rivas (SBN 238765)
     Attorneys for Defendant
     MortgageIT, Inc.

US_ACTIVE-103838299.3

---

Continued from previous page

serve as the basis for punitive damages.  Compl., ¶¶ 61-65.  Indeed, this statute provides only that "[u]pon a failure to comply with the provisions of this section, the person aggrieved <u>may rescind</u> the contract or agreement …."  Cal. Civ. Code § 1632(k) (emph. added).  The statute does <u>not</u> provide for recovery of damages of any type, let alone punitive damages.

Case: 10-05112    Doc# 7    Filed: 06/11/10    Entered: 06/11/10 13:19:59    Page 23 of 23